IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KATHLEEN W. PHILLIPS**, | Case No. 3:12-cv-01886-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

Bruce W. Brewer, P.O. Box 421, West Linn, OR 97068. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Kathleen W. Phillips ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB"). For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff protectively filed an application for DIB on June 4, 2009, alleging disability beginning on July 27, 2007. AR 124. At the hearing, Plaintiff amended her alleged disability onset date to December 1, 2007. AR 17. Plaintiff was born on May 4, 1951; she was 56 on the alleged disability onset date and is presently 62 years old. AR 124.

PAGE 2 – OPINION AND ORDER

Plaintiff's date last insured is December 31, 2011; thus she must establish disability on or before that date. AR 17. Plaintiff alleges disability due to her ankle injury, broken leg, shoulder injury, headaches, and neck and back pain. AR 37-38, 157. The Commissioner denied Plaintiff's application initially and upon reconsideration; thereafter, she requested a hearing before an Administrative Law Judge ("ALJ"). AR 58, 69, 72. After an administrative hearing held on April 7, 2011, the ALJ ruled that Plaintiff is not disabled. AR 17-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act" ("Act"). *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An

PAGE 3 – OPINION AND ORDER

>   impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.
>
> 3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant

PAGE 4 – OPINION AND ORDER

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ found that Plaintiff meets the insured status for DIB benefits through December 31, 2011. AR 19. The ALJ then performed the sequential analysis. AR 19-26. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of December 1, 2007. AR 19. At step two, the ALJ concluded that Plaintiff's right ankle fracture and tendon repair, left shoulder rotator cuff tendonitis, and degenerative disc disease were severe impairments. *Id.* At step three, the ALJ ruled that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. AR 20.

The ALJ next assessed Plaintiff's RFC. The ALJ found that Plaintiff retained the capacity to perform sedentary work, except she can lift up to 10 pounds frequently and up to 20 pounds occasionally; can only occasionally engage in pushing or pulling with the left upper extremity and right lower extremity; can occasionally engage in balancing, stooping, kneeling, crouching, crawling, or climbing ramps or stairs, ladders, rope, or scaffolds; can occasionally engage in reaching with the left upper extremity due to limited range of motion; and should avoid concentrated exposure to hazards due to decreased range of motion of the right ankle and

weakness. AR 21. In determining the RFC, the ALJ found Plaintiff's testimony regarding her limitations to be "not fully credible." AR 24.

At step four, the ALJ determined that considering Plaintiff's RFC, she could perform her past relevant work as a sales or customer service representative. AR 26. Thus, the ALJ ruled that Plaintiff is not disabled. AR 26.[1]

## DISCUSSION

### A. Plaintiff's Credibility

Plaintiff argues that the ALJ erred by not offering clear and convincing evidence for discrediting Plaintiff's subjective symptom testimony. There is a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and quotation marks omitted). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must

---

[1] Having found that Plaintiff could perform her past relevant work, the ALJ did not perform an analysis under step five.

state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Further, an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment[.]" *Smolen*, 80 F.3d at 1284. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's

PAGE 7 – OPINION AND ORDER

reasons for rejecting the claimant's testimony are upheld. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff asserts that her impairments cause severe limitations, including that: (1) she cannot walk or stand without crutches; (2) she cannot lift or carry items; (3) she has difficulty getting dressed and bathed; (4) her pain interferes with her sleep; (5) she cannot sit without elevating her leg; (6) she had to move in with her boyfriend because she cannot take care of herself; and (7) on "bad" days she has to lay down and elevate her leg three to four hours between 9:00 a.m. and 5:00 p.m., and she has approximately three to four "bad" days per week. AR 42-43, 51-52, 157. The ALJ, applying the first step of the credibility framework, found "that the claimant's medically determinable impairment could reasonably be expected to cause of the alleged symptoms[.]" AR 21. In applying the second step, however, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment."[2] AR 21-22.

In support of his credibility finding, the ALJ offered several specific reasons: (1) Plaintiff's activities of daily living are inconsistent with her reported limitations; (2) Plaintiff pursued only limited treatment for her back pain; (3) Plaintiff's testimony regarding her impairments is inconsistent with her reports to treating physicians; and (4) there is a lack of

---

[2] As this court has noted before, this is a boilerplate statement that has been used inappropriately in many Social Security decisions. *See, e.g.*, *Allen v. Astrue*, 2012 WL 2921454, at *8 (D. Or. July 17, 2012). Similarly, the Seventh Circuit has held that this boilerplate "is meaningless." *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012). "Credibility findings must have support in the record, and hackneyed language seen universally in ALJ decisions adds nothing." *Id.* The Court finds that this boilerplate language does not provide specific, clear, and convincing reasons to discredit Plaintiff's testimony.

PAGE 8 – OPINION AND ORDER

objective medical evidence. AR 22-24. These reasons are not supported by substantial evidence in the record and are not clear and convincing reasons to discredit Plaintiff's testimony.

### 1. Activities of daily living

The ALJ found that the daily living activities performed by Plaintiff were inconsistent with her claimed limitations. AR 22-24. Daily activities can form the basis of an adverse credibility finding where the claimant's activities either contradict his or her other testimony or meet the threshold for transferable work skills. *See Orn*, 495 F.3d at 639; *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). For a credibility analysis, the ALJ "need not consider whether a claimant's daily activities are equivalent to full-time work; it is sufficient that the claimant's activities 'contradict claims of a totally debilitating impairment.'" *Whittenberg v. Astrue*, 2012 WL 3922151 at * 4 (D. Or. Aug. 20, 2012) (quoting *Molina*, 674 F.3d at 1113); *see also Denton v. Astrue*, 2012 WL 4210508 at * 6 (D. Or. Sept. 19, 2012) ("While [claimant's] activities of daily living do not necessarily rise to the level of transferable work skills, they do contradict his testimony regarding the severity of his limitations."). A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's claimed limitations to be relevant to his or her credibility).

The ALJ found that Plaintiff's claim of debilitating pain was contradicted by her activities, particularly those Phillips discussed with her treating physician on January 15, 2008: that Plaintiff was "trying to incorporate more activity into [her] daily routine," had moved into a third floor apartment, was "busy with school," and was "working on her real estate license." AR 532. These statements do not clearly contradict Plaintiff' testimony regarding her pain and

PAGE 9 – OPINION AND ORDER

limitations. With respect to her living in a third floor apartment, there is no evidence regarding whether there was an elevator, how frequently Plaintiff took the stairs, whether or not there was an elevator, whether she used crutches, how long it took her to walk up or down the three flights of stairs, if she did walk, or whether it caused her significant pain to walk three flights of stairs, if she did walk. There is evidence, however, that Plaintiff eventually moved in with her boyfriend because of her difficulties living alone.

With respect to Plaintiff's studying for her real estate license, the fact that she was attempting to re-train for a new occupation is not a clear and convincing reason to discount her credibility. There is no evidence how long she was in class, whether she elevated her foot, whether she took long breaks, and whether attending classes caused pain or swelling in her foot, ankle, neck, or back.

The ALJ also found that Plaintiff's ability to manage her personal care, perform some light indoor chores, prepare her own meals, which consisted mostly of heating frozen dinners, and drive were inconsistent with Plaintiff's claim of debilitating symptoms. An ALJ may not penalize disability claimants "for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Engaging in activities such as light household chores, cooking meals, and grocery shopping do not weigh against a plaintiff's credibility. *Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, Plaintiff reported that she feeds and waters her cats, but someone else empties the cat litter boxes. AR 184. She also reported that she has to sit down to dress herself and shave and that she has difficulty lifting her arm for personal grooming. *Id.* Plaintiff reported that she performs light household chores for approximately 30 minutes per day, but she needs help with chores such as changing bed sheets. AR 185. She has friends do most of her grocery shopping and only shops herself for approximately 30 minutes every two weeks. AR 186. This level of minor activity is not clear and convincing evidence that Plaintiff does not suffer from the limitations to which she testified. *Vertigan*, 260 F.3d at 1050. The ALJ erred by discrediting Plaintiff's testimony because she could heat frozen meals, perform light indoor chores for a brief period of time, and drive. Thus, Plaintiff's daily living activities do not constitute a specific, clear, and convincing reason for discrediting her testimony regarding her limitations.

### 2. Plaintiff's course of treatment for back pain

The ALJ also concluded that Plaintiff pursued a conservative course of treatment for her alleged back pain, thereby contradicting Plaintiff's testimony regarding the limitations caused by her back pain. Conservative treatment can be considered when evaluating credibility regarding allegations of debilitating pain. *Burch*, 400 F.3d at 681 (ALJ properly considered claimant's conservative treatment in discounting the credibility of claimant's pain testimony); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly considered absence of medical treatment for allegedly debilitating back pain and doctor's prescription of conservative treatment in discounting the credibility of claimant's pain testimony). If, however, the claimant has a good reason for not seeking more aggressive treatment, conservative treatment is not a proper basis for rejecting the claimant's credibility. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ found that Plaintiff had "sought only intermittent treatment for back pain." AR 24. The record does not support this finding. Plaintiff sought treatment with a chiropractor for back pain from July 1999 through August 2003. AR 316. In October 2004 she sought treatment for her back pain from her primary care physician, including obtaining imaging. *Id.* In March 2007 and October 2008 she reported suffering from back pain to her physician. AR 520, 536. In June 2009, she reported increased symptoms in her back to her physical therapist. AR 419. In July 2009, Plaintiff reported a significant increase in her back pain to her chiropractor. AR 316-17. She obtained regular chiropractic treatment from July 2009 through December 2010. AR 320-21, 593-596. She obtained imaging of her back in July 2009 and November 2009. AR 316, 497. Plaintiff continued reporting back pain to her treating physicians in 2010 and 2011. *See* AR 547, 588, 598, 601, 603. Plaintiff testified that she has not sought more recent treatment due to lack of insurance and financial resources. AR 47-48. The record supports this contention. Plaintiff's lack of recent treatment is not unexplained, and not being able to afford treatment is a valid reason for not seeking it. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296-97 (9th Cir. 1999). The ALJ's conclusion concerning Plaintiff's level of treatment for her back pain is not supported by substantial evidence in the record and is not a clear and convincing reason to discount Plaintiff's credibility.

### 3. Reports to treating physicians

The ALJ summarized portions of the medical evidence, but the ALJ did not apply any of that medical evidence to an analysis of Plaintiff's credibility. As such, the ALJ failed to "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *see also* SSR 96-7p ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be

PAGE 12 – OPINION AND ORDER

sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Although the ALJ did not properly apply the medical evidence to an assessment of Plaintiff's credibility, the Court has reviewed the medical evidence cited by the ALJ, and it appears that the ALJ concluded that Plaintiff's subjective symptom testimony was inconsistent with her reports to medical providers. A claimant's inconsistent or non-existent reporting of symptoms is competent evidence for an ALJ to consider when making a credibility assessment. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

Plaintiff underwent two surgeries to address her right ankle problems and suffered a fracture of her right ankle. AR 224, 255, 292. In discrediting Plaintiff's testimony, the ALJ relied on Plaintiff's report to her physician in January 2008, after Plaintiff's first surgery, that, with orthotics, she had regained 95 to 98 percent of her normal activity. AR 22. Although Plaintiff experienced some short-lived improvement of her ankle after her first surgery, the record reflects that within several months she was experiencing significant problems, and after rehabilitation and steroid injections were unsuccessful, Plaintiff underwent a second ankle surgery on October 23, 2008. AR 222, 224. Plaintiff's report of short-lived improvement in January 2008 is not a clear and convincing reason to discount her credibility.

The ALJ also relied on Plaintiff's report to her physician in November 2008, two weeks after her second surgery, that she had stopped taking pain medication as evidence contradicting Plaintiff's testimony regarding her limitations. At the time Plaintiff made this report, however, she was not bearing weight on her ankle and was keeping it iced and elevated. AR 256. This does not contradict Plaintiff's testimony that putting weight on her ankle and not having it elevated causes pain and swelling.

PAGE 13 – OPINION AND ORDER

The ALJ also cites to Plaintiff's report to her physician on May 26, 2009, that Plaintiff had improvement in right ankle swelling and could stand on her foot for approximately one hour before experiencing pain. The ALJ fails to note, however, that Plaintiff also reported in that same visit that her improvement has been very gradual and that she has "not made a big improvement in overall duration of both pain and recovering the abilities [sic] to stay on her feet for a period of time." AR 236. At that visit, the doctor prescribed physical therapy, "hoping to be able to break through [Plaintiff's] pain cycle" and found that in light of the two surgeries and ankle fracture, "expectations of swelling reduction is limited to the area secondary to this particular problem." Id.

Additionally, only two weeks before the visit cited by the ALJ, Plaintiff was treated by another physician for Plaintiff's "painful right ankle" and she reported that she has had a "slow recovery" and has "swelling throughout the day." AR 305. The physician concluded that "I think there is a combination between the previous foot surgeries as well as the recent ankle fracture which is contributing to her ongoing issues. Hopefully with time we will be able to see some improvement." Id.

Plaintiff's reports to her physical therapist are also consistent with her testimony regarding her limitations. After Plaintiff's visit to her physician on May 26, 2009, which was cited by the ALJ, Plaintiff began physical therapy on June 8, 2009. AR 428. She set a primary goal of being able to walk 30 minutes so she could go grocery shopping. Id. The physical therapist found that Plaintiff presented with "significant weakness which limits her [ability] to stand and walk without significant pain and swelling." Id. On June 29, 2009, Plaintiff reported that she could walk a short distance but her foot and ankle were painful if she was on her feet for long. AR 401. She also reported she could go to the grocery store for a few items, but that her

boyfriend still does the grocery shopping, yard work, and vacuuming. *Id.* On August 25, 2009, Plaintiff reported that her ankle has been painful, she has additional swelling, and she can grocery shop for 30 minutes but then her pain level is a seven out of 10. AR 349. On September 22, 2009, Plaintiff reported that she experiences pain if she is on her ankle for more than 10 minutes. AR 335. October 20, 2009, Plaintiff reported that her ankle was "very painful" and her primary goal is to be able to grocery shop for 30 minutes, but at that time it was painful for her to grocery shop. AR 326-27.

The Court has reviewed the reports by Plaintiff cited by the ALJ and finds that they are not clear and convincing reasons to discredit Plaintiff's symptom testimony. Her reports are consistent with experiencing minimal or short-lived improvement.

### 4. Objective medical evidence

The ALJ also found that Plaintiff's "allegations of disabling pain and limitation are not supported by treatment records which reveal only minimal findings on physical examinations." AR 22. A lack of objective medical evidence, standing alone, however, may not serve as a clear and convincing reason to discredit the claimant's credibility when the ALJ has already determined that the claimant's impairments could produce some of the symptoms alleged. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Reddick*, 157 F.3d at 722. Because the Court has found the other reasons cited by the ALJ are not clear and convincing, the lack of objective medical evidence is an insufficient basis on which to discredit Plaintiff's testimony.

## B. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be

served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *See id.*

The Ninth Circuit has set forth a three-part test for determining whether to remand a case for further proceedings or to order an immediate award of benefits. Immediate payment of benefits is appropriate where: (1) the ALJ failed to provide legally sufficient reasons for rejecting the claimant's testimony; (2) no outstanding issues remain for the ALJ to resolve; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such testimony credited. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

Although the ALJ failed to articulate legally sufficient reasons for rejecting Plaintiff's testimony, it is unclear whether a finding of disability would be required had her testimony been credited as true. The VE testified that, based on the RFC established by the ALJ, Plaintiff could perform her previous work as a customer sales representative. AR 36-37. Neither the ALJ nor Plaintiff's counsel asked the VE to consider a hypothetical claimant facing the limitations Plaintiff described. The evidence, therefore, does not "clearly indicate the proper outcome of steps four and five of the disability determination evaluation." *Vasquez*, 572 F.3d at 597. For this reason, the Court cannot find Plaintiff "disabled and order an immediate payment of benefits." *Id.*; *see also Harman*, 211 F.3d at 1180 ("In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). Thus, the Court concludes that the case should be remanded for further proceedings so that the

PAGE 16 – OPINION AND ORDER

Commissioner may consider Plaintiff's limitations as established by the improperly discredited evidence.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff is not disabled and REMANDS this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 29th day of April 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge