IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KATHLEEN W. PHILLIPS**, | Case No. 3:12-cv-01886-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On April 29, 2014, this Court reversed the decision of the Commissioner of the Social

Security Administration ("Commissioner") denying the application of Plaintiff Kathleen

W. Phillips for Disability Insurance Benefits and remanded for further proceedings. Dkt. 26.

Plaintiff now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412, *et seq.* Dkts. 28, 35.[1] The Commissioner contests Plaintiff's motion and argues that the Commissioner's position was substantially justified. Dkt. 32. For the reasons discussed below, the Court grants Plaintiff's motion and awards fees in the amount of $5,603.32.

## STANDARD OF REVIEW

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569; *see also Al-Harbi v. INS,* 284 F.3d

---

[1] Plaintiff originally sought attorney's fees in the amount of $4,018.17. Dkt. 28. She then amended her original request to include additional fees incurred litigating the fee award. Dkt. 35. It is "well established that time spent in preparing fee applications" is also compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)). The Court notes that Plaintiff calculates her fees requested at the 2012 EAJA hourly rate, even though work was performed on the case in 2013 and 2014, both of which have higher hourly rates. The Court grants fees in the amount requested and, accordingly, does not calculate the work performed during 2013 and 2014 at the higher hourly rates.

1080, 1084 (9th Cir. 2002) ("'Substantial justification' in this context means 'justification to a degree that could satisfy a reasonable person.'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (noting that "'substantial justification is equated with reasonableness. . . . The government's position is substantially justified if it has a reasonable basis in law and fact.'" (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988) (alteration in original))). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's finding that an agency decision was unsupported by substantial evidence is, however, "a strong indication" that the position of the United States in the litigation was not substantially justified. *Thangaraja*, 428 F.3d at 874. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi*, 284 F.3d at 1085).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under the EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012).

## DISCUSSION

### A.  Substantial Justification

The Commissioner contends that her position was substantially justified because the Administrative Law Judge ("ALJ") had both a reasonable basis in law and a reasonable basis in fact in rejecting Plaintiff's testimony. Specifically, the Commissioner argues that the ALJ's credibility determination was substantially justified because the ALJ found that the limitations testified-to by Plaintiff were "not supported" by the opinion of Dr. Christopher Clements. As discussed in the Court's opinion remanding this case, the fact that a claimant's report of symptoms is not supported by the objective medical evidence is not sufficient, on its own, to support a negative credibility finding. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The Court found that all of the other reasons provided by the ALJ were erroneous and the Commissioner does not argue in

litigating this motion that any of those reasons had a reasonable basis in law or fact. Thus, the fact that the objective medical evidence did not support Plaintiff's reported limitations is legally insufficient to discount her credibility and does not provide a reasonable basis in law for the Commissioner's position.

This case does not fall within the "decidedly unusual" category of cases "in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record," warranting the denial of EAJA fees. *Thangaraja*, 428 F.3d at 874 (quotation marks and citation omitted). Because the Court finds that the Commissioner was not substantially justified in its original agency action, the Court need not determine whether the Commissioner was substantially justified in its litigation position. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified.").

**B. Amount of Fees**

The Commissioner does not object to the amount of the fees requested. The Court has reviewed Plaintiff's motion and finds that the requested EAJA fee amount is reasonable.

## CONCLUSION

Plaintiff's application for attorney's fees (Dkts. 28, 35) is GRANTED. Plaintiff is awarded $5,603.32 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to her counsel (Dkt. 28-2), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney. If Plaintiff

owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 3rd day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge